1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN (State Bar No. 189268)
2  GINA ALTOMARE (State Bar No. 273099)
   HADDAD & SHERWIN
3  505 Seventeenth Street
   Oakland, California  94612
4  Telephone: (510) 452-5500
   Fax: (510) 452-5510
5
   Attorneys for Plaintiff
6
   Clyde A. Thompson, SBN 72920
7  Benjamin A. Thompson, SBN 236590
   HAAPALA, THOMPSON & ABERN LLP
8  1939 Harrison Street, Suite 800
   Oakland, California 94612-3533
9  Tel:   510-763-2324
   Fax:  510-273-8570
10
   Attorneys for Defendants, COUNTY OF ALAMEDA,
11 DEPUTY JOHNSON, DEPUTY ROBSON, DEPUTY
   BENNETT
12

13                **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

15 | SAPREENA FOWLER, by and through      ) | Case No. C11-04597 NC
   | her guardian ad litem, HOLLY WEBB,   )
16 | individually,                        )
   |                                      )
17 |           Plaintiff,                 ) | **STIPULATION AND (PROPOSED)**
   |                                      ) | **ORDER REGARDING PRODUCTION**
18 | vs.                                  ) | **OF CONFIDENTIAL DISCOVERY**
   |                                      ) | **MATERIAL**
19 | COUNTY OF ALAMEDA and                )
   | ALAMEDA COUNTY SHERIFF'S             )
20 | OFFICE, public entities, DEPUTY      )
   | MISTY JOHNSON, DEPUTY ROSARIO        )
21 | ROBSON, and DEPUTY MICAH             )
   | BENNETT, individually, and DOES 1    )
22 | through 10, jointly and severally,   )
   |                                      )
23 |           Defendants.                )
   |_____)
24

25 /

26 /

27 /

28

                                        1
*Fowler v. County of Alameda, et al./*Case #C11-04597 NC
Stipulation and [Proposed] Order Regarding Production of Confidential Discovery Material

1   The parties, by and through their respective attorneys of record, hereby stipulate to the
2   following protective order being issued in this matter:

3   1.   PURPOSES AND LIMITATIONS

4   Disclosure and discovery activity in this action are likely to involve production of
5   confidential or private information for which special protection from public disclosure and from
6   use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the
7   parties hereby stipulate to and petition the court to enter the following Stipulated Protective
8   Order.  The parties acknowledge that this Order does not confer blanket protections on all
9   disclosures or responses to discovery and that the protection it affords extends only to the
10  limited information or items that are entitled under the applicable legal principles to treatment as
11  confidential.  The parties further acknowledge, as set forth in Section 10, below, that this
12  Stipulated Protective Order creates no entitlement to file confidential information under seal;
13  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards
14  that will be applied when a party seeks permission from the court to file material under seal.

15  2.   DEFINITIONS

16        2.1   Party:  any party to this action, including all of its officers, directors, employees,
17  consultants, retained experts, and outside counsel (and their support staff).

18        2.2   Disclosure or Discovery Material:  all items or information, regardless of the
19  medium or manner generated, stored or maintained (including, among other things, testimony,
20  transcripts, or tangible things) that are produced or generated in disclosures or responses to
21  discovery by any Party in this matter.

22        2.3   "Confidential" Information or Items:  information (regardless of how generated,
23  stored or maintained) or tangible things that qualify for protection under standards developed
24  under Federal Rule of Civil Procedure 26(c).  This material includes, but is not limited to,
25  medical and psychotherapeutic records, as well as officer personnel records and other similar
26  confidential records designated as such.

27        2.4   Receiving Party:  a Party that receives Disclosure or Discovery Material from a
28  Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel:  attorneys who are employees of a Party.

2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

3

*Fowler v. County of Alameda, et al./*Case #C11-04597 NC
Stipulation and [Proposed] Order Regarding Production of Confidential Discovery Material

1  order otherwise directs.

2  5.  DESIGNATING PROTECTED MATERIAL

3       5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

        If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

            (a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material and/or the first page of stapled/clipped materials if it is a group of related documents.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."

            A Party or non-party that makes original documents or materials available for

4

1  inspection need not designate them for protection until after the inspecting Party has indicated
2  which material it would like copied and produced.  After the inspecting Party has identified the
3  documents it wants copied and produced, the Producing Party must determine which
4  documents, or portions thereof, qualify for protection under this Order, then, before producing
5  the specified documents, the Producing Party must affix the designation "CONFIDENTIAL" at
6  the top of each page that contains Protected Material.  If only a portion or portions of the
7  material on a page qualifies for protection, the Producing Party must clearly identify the
8  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify that
9  the material is "CONFIDENTIAL."
10              (b)      <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
11  that the Party or non-party offering or sponsoring the testimony identify on the record, before
12  the close of the deposition, hearing, or other proceeding, all protected testimony, and further
13  specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is
14  impractical to identify separately each portion of testimony that is entitled to protection, and
15  when it appears that substantial portions of the testimony may qualify for protection, the Party
16  or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the
17  deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the
18  specific portions of the testimony as "CONFIDENTIAL."  Only those portions of the testimony
19  that are appropriately designated for protection within the 20 days shall be covered by the
20  provisions of this Stipulated Protective Order.
21              Transcript pages containing Protected Material must be separately bound by the
22  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as
23  instructed by the Party or non-party offering or sponsoring the witness or presenting the
24  testimony.
25              (c)      <u>for information produced in some form other than documentary, and for</u>
26  <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of
27  the container or containers in which the information or item is stored the legend
28  "CONFIDENTIAL."  If only portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that

6

*Fowler v. County of Alameda, et al./*Case #C11-04597 NC
Stipulation and [~~Proposed~~] Order Regarding Production of Confidential Discovery Material

1  the movant has complied with the meet and confer requirements imposed in the preceding
2  paragraph and that sets forth with specificity the justification for the confidentiality designation
3  that was given by the Designating Party in the meet and confer dialogue.
4      The burden of persuasion in any such challenge proceeding shall be on the Designating
5  Party.  Until the court rules on the challenge, all parties shall continue to treat the material in
6  question as "CONFIDENTIAL."
7  7.    ACCESS TO AND USE OF PROTECTED MATERIAL
8      7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed
9  or produced by another Party or by a non-party in connection with this case only for
10 prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
11 disclosed only to the categories of persons and under the conditions described in this Order.
12 When the litigation has been terminated, a Receiving Party must comply with the provisions of
13 section 11, below (FINAL DISPOSITION).
14     Protected Material must be stored and maintained by a Receiving Party at a location and
15 in a secure manner that ensures that access is limited to the persons authorized under this Order.
16     7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
17 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
18 disclose any information or item designated CONFIDENTIAL only to:
19     (a)   the Receiving Party's counsel of record in this action, as well as
20 employees of said Counsel to whom it is reasonably necessary to disclose the information for
21 this litigation;
22     (b)   the officers, directors, and employees (including House Counsel) of the
23 Receiving Party to whom disclosure is reasonably necessary for this litigation;
24     (c)   experts (as defined in this Order) of the Receiving Party to whom
25 disclosure is reasonably necessary for this litigation;
26     (d)   the Court and its personnel;
27     (e)   court reporters, their staffs, and professional vendors to whom disclosure
28 is reasonably necessary for this litigation;

        (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g) the author of the document or the original source of the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax and/or e-mail) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to be bound by the Stipulated Protective Order.

10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

/

/

9

*Fowler v. County of Alameda, et al./*Case #C11-04597 NC
Stipulation and [~~Proposed~~] Order Regarding Production of Confidential Discovery Material

12. <u>MISCELLANEOUS</u>

    12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 15, 2011    HADDAD & SHERWIN

/s/ *Gina Altomare
GINA ALTOMARE
Attorneys for Plaintiff
*Ms. Altomare provided her consent that this document be electronically filed.

Dated:  December 16, 2011    HAAPALA, THOMPSON & ABERN, LLP

/s/ Benjamin A. Thompson
BENJAMIN A. THOMPSON
Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED.

Dated: _December 20, 2011

HONORABLE NATHANAEL M. COUSINS
United States Magistrate Judge